**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

TROY REEVES,                                  :
                                              :     Civil Action No. 14-4510 (MAS)
                                              :
                 Plaintiffs,                  :
                                              :
            v.                                :     **OPINION**
                                              :
FRANCES HODGSON, et al.,                      :
                                              :
                 Defendants.                  :

**APPEARANCES:**

> TROY REEVES, Plaintiff pro se
> # 541992 SBI # 773271C
> South Woods State Prison
> 215 Burlington Rd. South
> Bridgeton, New Jersey 08302

**SHIPP**, District Judge

Plaintiff, Troy Reeves, a state inmate confined at the South Woods State Prison in Bridgeton, New Jersey, at the time he filed this Complaint, seeks to bring this action *in forma pauperis*. Based on Plaintiff's affidavit of indigence and prison account statement, the Court will grant Plaintiff's IFP application pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the Complaint accordingly. Further, having reviewed the Complaint as required pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, the Court

finds that the Complaint should be dismissed at this time because Plaintiff fails to state a claim and seeks monetary damages from defendants who are entitled to immunity from such lawsuits.

## I. BACKGROUND

Plaintiff, Troy Reeves ("Plaintiff"), brings this action pursuant to 42 U.S.C. § 1983, against Defendants, Francis Hodgson, formerly Ocean County Prosecutor, and the Honorable Edward Turnbach, J.S.C. (ECF No. 1, Complaint at Caption, ¶¶ 1a, 4b-c.) Plaintiff's Complaint and attachments are largely inarticulate. It appears that Plaintiff is challenging his state court conviction for robbery and aggravated assault by inartfully constructing an argument that his prosecution was a violation of commercial and/or contract law. Plaintiff states that he was charged with the robbery and assault of a person that occurred on September 12, 2003, at the Lakewood Township's bus terminal. Plaintiff was convicted on October 16, 2005, and sentenced on December 15, 2005. He appealed, and the Superior Court of New Jersey, Appellate Division affirmed his conviction and sentence on March 15, 2007. The Supreme Court of New Jersey denied certification on May 11, 2007. Plaintiff also filed a petition for post-conviction relief ("PCR") in state court on January 2, 2007, which was denied on August 22, 2008. Plaintiff states that, on February 11, 2009, he filed an appeal from denial of his state PCR petition, but he does not provide the outcome of this appeal. (ECF No. 1-4, "Commercial Affidavit" at 8, ¶¶ 17(h), (k), (l), (m), (n), and (o).)

Plaintiff thereafter filed a federal habeas petition under 28 U.S.C. § 2254, challenging his state court conviction. *Reeves v. Holmes, et al.*, Civil No. 11-5700 (JAP). On May 27, 2014, the Honorable Joel A. Pisano, U.S.D.J., issued an Opinion and Order directing Petitioner (Mr. Reeves) to show cause why his habeas petition should not be dismissed without prejudice, rather

2

than stayed pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), for failure to exhaust state court remedies with regard to several claims, including an ineffective assistance of counsel claim related to the failure to obtain video footage of the September 12, 2003 incident. (*Reeves v. Holmes, et al.*, Civil No. 11-5700 (JAP) at ECF Nos. 13, 14.)  The May 27, 2014 Opinion informed Petitioner that he could alternatively proceed with his fully exhausted claims in his habeas petition by withdrawing his unexhausted claims. (*Id.*, ECF No. 13, Op. at 8, fn. 3.)  On August 28, 2014, an Order was entered closing the habeas action because Petitioner had not filed any writing with the Court within the 45-day period permitted by the May 27, 2014 Order. (*Id.*, ECF No. 16.)

It appears that Plaintiff filed this civil rights Complaint pursuant to 42 U.S.C. § 1983 on or about July 17, 2014, instead of responding in his habeas action.  Culling through Plaintiff's extraneous arguments regarding breach of contract and commercial law, it appears that Plaintiff is alleging that there was video footage showing he was not the assailant as accused. (*Id.*, at 9, ¶ 17(s).)  Consequently, he accuses Defendant Hodgson of malicious prosecution.  Plaintiff makes no allegations against Judge Turnbach in his pleading papers.

Plaintiff now seeks general and punitive damages in an unspecified amount. (ECF No. 1, Compl., ¶ 7.)

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  Specifically, the PLRA directs the district court to screen the

complaint for cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Citing its opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Iqbal*, 556 U.S. at 676). *See also Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) ("The touchstone of the pleading standard is plausibility. ... "[A]llegations that are no more than conclusions are not entitled to the assumption of truth; ... [a court should] "look for well-pled factual allegations, assume their veracity, and then 'determine whether they plausibly give rise to an entitlement to relief.'") (citations omitted). In short, "[a] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citing *Iqbal*, 556 U.S. at 678-79). Thus, while pro se pleadings are liberally construed, *Higgs v. Atty. Gen.*, 655 F.3d 333, 339 (3d Cir. 20011), "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). Nonetheless, courts must be cognizant that the *Iqbal* standard "is not akin to a probability requirement." *Covington v. International*

4

*Association of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679).

## III. SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.  (ECF No. 1, Compl., ¶ 1a.) Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## IV. DISCUSSION

A. Malicious Prosecution Claim

Plaintiff asserts a claim of malicious prosecution against Defendant Francis Hodgson, who was the prosecutor in Plaintiff's state court criminal case.  To prevail on a Fourth Amendment malicious prosecution claim under section 1983, Plaintiff must establish that:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*See Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014) (citing *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007) and *Rose v. Bartle*, 871 F.2d 331, 349 (3d Cir. 1989)).

Here, it is plain that Plaintiff has not satisfied a requisite element of a malicious prosecution claim, namely, he has not shown that the criminal proceeding ended in his favor. Plaintiff was convicted of the crime he now claims he did not commit, and his conviction has not been overturned by either direct appeal or state collateral review. Plaintiff's federal habeas petition also has been dismissed at this time, so there has been no favorable ruling for Plaintiff with respect to his state court criminal conviction under challenge in this case.

Moreover, the U.S. Supreme Court has held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). *See also Deemer v. Beard*, 557 F. App'x 162, 166 (3d Cir. 2014) (stating that the Third Circuit has "interpreted Heck to impose a universal favorable termination requirement on all § 1983 plaintiffs attacking the validity of their conviction or sentence").

Therefore, because Plaintiff has not demonstrated that his conviction has been invalidated, this action is barred by *Heck*. Likewise, Plaintiff has not shown that his criminal proceedings terminated in his favor, and thus, his § 1983 malicious prosecution claim for damages must be dismissed without prejudice as against Defendant Hodgson at this time.[1]

---

[1] This Court alternatively notes that Plaintiff's claim against Prosecutor Hodgson may be dismissed based on prosecutorial immunity. In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the Supreme Court held that a prosecutor is absolutely immune from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process," *id.* at 430–31,

B. Claim Against Judge Turnbach

Plaintiff's Complaint also names the Honorable Edward Turnbach, J.S.C. as a defendant in this matter. However, the Complaint is devoid of any allegations against Judge Turnbach. Therefore, having failed to allege sufficient facts in his Complaint to support any claim for relief as to Judge Turnbach, the Complaint is subject to dismissal pursuant to *Iqbal*, 556 U.S. at 676.

Nevertheless, "[i]t is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 9 (1991)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Moreover, "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Id.* at 359.

Judicial immunity also extends to suits brought under 42 U.S.C. § 1983. *See Pierson v. Ray*, 386 U.S. 547, 553–55 (1967). "[Judicial] immunity is overcome in only two sets of circumstances." *Mireles*, 502 U.S. at 11–12. "First, a judge is not immune from liability for nonjudicial acts, *i.e.*, actions not taken in the judge's judicial capacity." *Id.* In determining whether an act qualifies as a "judicial act," courts looks to "the nature of the act itself, *i.e.*,

including use of false testimony and suppression of evidence favorable to the defense by a police fingerprint expert and investigating officer. Since *Imbler*, the Supreme Court has held that "absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant application." *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (citations omitted). The Court of Appeals for the Third Circuit recently confirmed prosecutorial immunity in § 1983 actions in *LeBlanc v. Stedman*, 483 F. App'x 666 (3d Cir. 2012). Thus, to the extent that Plaintiff is alleging that Hodgson may have suppressed video tape footage of the robbery and assault incident, this alleged misconduct was taken in his role as an advocate for the state, and could be dismissed on the ground of prosecutorial immunity.

whether it is a function normally performed by a judge, and to the expectation of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12.

Without any allegations set forth in Plaintiff's complaint, it would appear that the only basis for Plaintiff's claim against Judge Turnbach relates to the fact that he presided over Plaintiff's criminal trial.  Plaintiff does not allege that any actions were taken outside of Judge Turnbach's judicial capacity, nor does Plaintiff allege that Judge Turnbach acted without jurisdiction.  Therefore, the Complaint must be dismissed as to Defendant Judge Turnbach.

V. CONCLUSION

For the reasons set forth above, the Complaint is dismissed without prejudice, in its entirety, as against Defendant Hodgson pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a § 1983 claim of malicious prosecution at this time. However, the Complaint is dismissed with prejudice as against Defendant Judge Turnbach, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).  An appropriate order follows.

MICHAEL A. SHIPP
United States District Judge

Dated: 12/4/14

8